IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,          )
                                   )          2:05-cr-527-GEB
                    Plaintiff,     )
                                   )
        v.                         )          ORDER
                                   )
CARLOS BARTHOLOMEW,                )
                                   )
                    Defendant.     )
                                   )

        On October 27, 2006, Defendant filed a motion to correct his presentence report ("PSR").[1]  Defendant argues the PSR should be corrected to reflect "a base offense level of 20, an adjusted offense level of 17, and a calculated guideline range of 51-63 months."  (Mot. at 1.)

        Specifically Defendant objects to the finding in the PSR that he has a base offense level of 24.  This finding is stated in paragraph 10 of the PSR, and is based on the conclusion that "defendant has two prior felony convictions to a crime of violence."

---

        [1]    The motion was filed timely pursuant to the schedule filed August 25, 2006.  The government failed to reply in accordance with that schedule, and instead on November 16, 2006, thirteen days past the date on which its reply was due, filed a motion to continue the sentencing hearing.

(PSR at 5.)  Defendant objects to the finding that his prior conviction of California Penal Code section 246.3 was considered one of the two above referenced felony convictions.  Defendant argues his conviction under section 246.3 for discharging a firearm in a grossly negligent way "is not a crime of violence for the purpose of increasing his offense level under United States Sentencing Guidelines ("U.S.S.G.") section 2k2.1."  (Id. at 2.)

The sentencing enhancement at issue increases Defendant's base offense level to 24 "if the defendant committed any part of the instant offense subsequent to sustaining at least two felony convictions of . . . a crime of violence."  U.S.S.G. § 2k2.1(2).

> Under U.S.S.G. § 4B1.2, a "crime of violence" is defined as any offense under federal or state law punishable by imprisonment for a term exceeding one year that-
>
> (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or
>
> (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.
>
> Because [California Penal Code section 243.6] is neither specifically enumerated under U.S.S.G. § 4B1.2 nor has as "an element the use, attempted use, or threatened use of physical force against the person of another," [before] the offense . . . [could] qualify as a crime of violence, [it] must fall within the "catchall" provision of § 4B1.2(a)(2) for "conduct that presents a serious potential risk of physical injury to another."

United States v. Piccolo, 441 F.3d 1084, 1086 (9th Cir. 2006.)

"The Supreme Court has provided some guidance as to how to determine whether an offense may be considered a crime of violence. In Taylor v. United States, 495 U.S. [575 (1990)], the Court addressed

what evidence a trial court may consider in answering the question. The Court concluded that we must take a categorical approach and first consider the statutory definition of the offense. . . . A categorical approach requires this Court to look at the fact of the conviction and the statutory definition of the predicate offense but not the underlying facts regarding the offense." United States v. Foreman, 436 F.3d 638, 640-41 (6th Cir. 2006) (internal quotations omitted).

The crime of conviction is the California crime of discharging a firearm in a grossly negligent manner.  Under the statute, the crime is: "Except as otherwise authorized by law, any person who willfully discharges a firearm in a grossly negligent manner which could result in injury or death to a person is guilty of a public offense . . . ."  Cal. Penal Code § 246.3.  An individual who violates this statute shall be punished "by imprisonment in the county jail not exceeding one year, or by imprisonment in the state prison." Id.

"[I]n order for a violation of the state statute to qualify as a predicate offense, the full range of conduct covered by the state statute must fall within the scope of the [applicable guideline section]." United States v. Baza-Martinez, 464 F.3d 1010, 1014 (9th Cir. 2006).

Employing the categorical approach and considering the full range of conduct criminalized by section 246.3, it is evident that a conviction under section 246.3 is not necessarily a "crime of violence" defined in U.S.S.G. § 4B1.2.  The applicable provision of section 4B1.2 concerns conduct that "presents a serious potential risk of physical injury to another."  Section 246.3 proscribes some conduct that does not categorically present a serious potential risk since the

outlawed conduct "<u>could</u> result in injury."  The range of proscribed
risks in section 246.3 includes the presumption "that there are
reasonable grounds to suspect that people will be endangered."  <u>People</u>
<u>v. Clem</u>, 78 Cal. App. 4th 346, 352 (2000).  The degree of proscribed
risks in section 4B1.2 is more appreciable since the conduct "<u>presents</u>
<u>a serious potential risk of physical injury to another</u>."  The risk
proscribed in section 246.3 may or may not be serious since the
conduct merely "<u>could</u> result in injury," which suggests less certainty
than the words "presents a serious potential risk of physical injury."
Therefore, section 246.3 is not categorically a crime of violence
prescribed in U.S.S.G. § 4B1.2.

        "If the statute criminalizes conduct that goes beyond that
which would constitute a "crime of violence" under the generic
definition, then we consider whether documentation or other judicially
noticeable facts in the record indicate that [Defendant] was convicted
of the elements of the generically defined crime."  <u>United States v.</u>
<u>Martinez-Martinez</u>, – F.3d – 2006 WL 3290418, at *9 (9th Cir. Nov. 14,
2006) (internal citation omitted).

        The record contains no documents that reveal information
about Defendant's conduct, other than the second sentence in
paragraph 23 of the PSR.  "A [PSR] is insufficient to establish the
elements of the crime if all it does is recite the facts of the crimes
as alleged in the charging papers without indicating whether the
information came from a source that we have previously deemed
acceptable, such as a signed plea agreement, a transcript of the plea
hearing, or a judgment of conviction."  <u>United States v. Kelly</u>, 422
F.3d 889, 895-96 (9th Cir. 2005) (internal citation and quotation
omitted).  Since the record contains no assurance that the second

sentence in paragraph 23 is from such a source, the record does not contain information illuminating the specifics of Defendant's conduct. Therefore, I do not adopt the finding that Defendant's conviction of Penal Code section 246.3 was a "crime of violence."  Accordingly, Defendant's adjusted offense level is 17 and his guideline range is 51 to 63 months imprisonment.

This ruling shall be attached "to any copy of the presentence report made available to the Bureau of Prisons."  Fed. R. Crim. P. 32(i)(3)(C).

IT IS SO ORDERED.

Dated:  November 17, 2006

_____
GARLAND E. BURRELL, JR.
United States District Judge